IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA    :
                            :    1:14CR264-1
          v.                :
                            :    Amended
TRIANGLE GRADING & PAVING, INC.    :    PLEA AGREEMENT

NOW COMES the United States of America, by and through Ripley
Rand, United States Attorney for the Middle District of North
Carolina, and the defendant, TRIANGLE GRADING & PAVING, INC., through
its Vice President, Adrian "Jack" Bailey, and its attorneys,
Christopher R. Clifton and H. Davis North, III, and state as follows:

1.    The defendant, TRIANGLE GRADING & PAVING, INC., is
presently charged in a Bill of Information in case number
1:14CR264-1, which charges it with a violation of Title 8, United
States Code, Section 1324a(a)(1)(A) and (a)(2), hiring, recruiting,
and continuing to employ aliens unauthorized to be employed in the
United States.

2.    The defendant, TRIANGLE GRADING & PAVING, INC., will enter
a voluntary plea of guilty to the Information herein.  The nature
of this charge and the elements of this charge, which must be proved
by the United States beyond a reasonable doubt before the defendant
can be found guilty thereof, have been explained to it by its
attorney.

a. The defendant, TRIANGLE GRADING & PAVING, INC., understands that, pursuant to Title 18, United States Code, Section 3551(c), the maximum punishment provided by law for the Information herein is not more than five years' probation, pursuant to Title 18, United States Code, Section 3561(c)(2), and a fine pursuant to Title 18, United States Code, Section 3571(c)(6) of $10,000 and/or a fine pursuant to the provisions of Title 8, United States Code, Section 1324a(f)(1), with a maximum of $3,000 for each unauthorized alien with respect to whom such violation occurs.

b. The defendant, TRIANGLE GRADING & PAVING, INC., also understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant, as to the Information herein, make restitution to any person directly harmed by the defendant=s conduct, pursuant to Title 18, United States Code, Section 3663A.

c. The defendant, TRIANGLE GRADING & PAVING, INC., further understands that the sentence to be imposed upon it is within the discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making

2

the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to the Information herein, the defendant, TRIANGLE GRADING & PAVING, INC., knowingly waives and gives up its constitutional rights to plead not guilty, to compel the United States to prove its guilt beyond a reasonable doubt, not to be compelled to incriminate itself, to confront and cross-examine the witnesses against it, to have a jury or judge determine its guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, TRIANGLE GRADING & PAVING, INC., is going to plead guilty to the Information herein because it is, in fact, guilty and not because of any threats or promises.

5. The extent of the plea bargaining in this case is as follows:

a. It is understood that if the Court determines at the time of sentencing that the defendant, TRIANGLE GRADING & PAVING, INC., qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level

3

by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. It is further understood that the Court is not bound by this recommendation.

b.    The defendant, TRIANGLE GRADING & PAVING, INC., knowingly and voluntarily consents and agrees to forfeit to the United States the sum of $1,500,000.00 in U.S. Currency. The parties agree that this sum represents the proceeds obtained directly or indirectly from the offense to which the defendant is pleading guilty, and is therefore subject to forfeiture pursuant to Title 18, United States Code, Section 982(a)(6)(A). The defendant's agreement to pay this amount is conditioned upon Immigration and Customs Enforcement, Homeland Security Investigations' (HSI) agreement not to seek civil administrative fines against the Defendant pursuant to Title 8, United States Code, Section 1324a, or forfeiture of any property other than the $1,500,000.00 agreed to in this subparagraph. The defendant agrees to pay the total sum of $1,500,000.00 via Certified Bank Check made payable to the order of U.S. Customs and Border Protection in two installments: the first installment of $750,000.00 due on or before the date of sentencing and the second installment due within 90 days of the date of sentencing. These funds shall be subsequently deposited into the Department of the Treasury Forfeiture Fund in accordance with Title 31, United States Code, Section 9703. The defendant, TRIANGLE

4

GRADING & PAVING, INC., waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise the defendant of this, pursuant to Rule 11(b)(1)(J), at the time the guilty plea is accepted. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of these assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution. Any violation of the defendant's financial commitment as reflected in this paragraph will constitute a material breach and subject the defendant, TRIANGLE GRADING & PAVING, INC. to criminal prosecution.

c. This agreement further resolves all potential corporate and personal criminal, civil, or administrative (the term "administrative" refers to the Notice of Intent to Fine (NIF)) process and fines and the administrative fines set forth in 8 U.S.C. § 1324a, liability for conduct which occurred at the defendant, TRIANGLE GRADING & PAVING, INC.'s worksite, located at 1521 Huffman Mill Road, Burlington, North Carolina, 27215, or any other of the

5

defendant's facilities or worksites during the relevant time period

— from on or about April 11, 2011, to March 6, 2012 — and continuing

throughout the date of the execution of this agreement. This

agreement does not address or contemplate any issue regarding

debarment and future government contracts. (5.b) *The provisions of this subparagraph (5.b) and the preceding subparagraph (5.b) are made pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure*

d.    The defendant, TRIANGLE GRADING & PAVING, INC.,

agrees to retain, at its own expense, an independent third-party *850 CRe HGA*

auditor or auditing firm to review and report on the defendant's

compliance measures for a period of two years from the date this

agreement is signed.    The independent third-party auditor or

auditing firm must be approved by U.S. Immigration and Customs

Enforcement (ICE).    The independent auditor or auditing firm must

submit an initial signed report to ICE (attn.: Thomas O'Connell,

Office of the Resident Agent in Charge, Homeland Security

Investigations, 140 Centrewest Court, Suite 100, Cary, NC 27540)

regarding the results of the compliance measures already taken within

60 days of the signing of the Plea Agreement.    Additionally, the

independent auditor or auditing firm must submit reports within 60

days of the first and second anniversaries of the signing of this

Agreement. The defendant, TRIANGLE GRADING & PAVING, INC., agrees

to take the following compliance measures for the duration of the

two year period and such measures shall be the non-exclusive basis

for the above audits:

6

i. Cause to be conducted independent annual audits of the defendant, TRIANGLE GRADING & PAVING, INC.,'s I-9 forms. The auditor shall analyze a random sample of not less than 25% of the workforce of the defendant, TRIANGLE GRADING & PAVING, INC., to determine if the I-9 forms associated with the workforce have been completed and maintained in full compliance with the requirements of 8 U.S.C. § 1324a.

ii. Use E-Verify continuously and comprehensively.

iii. Provide annual E-Verify and I-9 training to human resources personnel conducted by an independent third party subject matter expert.

iv. Provide annual ethics training to management personnel conducted by an independent third party subject matter expert.

v. Implement an employee hotline to report suspected instances of improper conduct related to I-9 and E-Verify compliance.

vi. Hire a full time human resources director who shall: (1) implement all of the foregoing requirements, (2) maintain accurate and comprehensive records of same, (3) communicate regularly with both ICE and the independent auditor, and (4) not be Ronald Kirkpatrick, Sr. or Adrian "Jack" Bailey.

7

vii. Provide annual training in Government Contracts to all personnel involved in federal government contracting. This training shall be conducted by an independent third party subject matter expert and shall include topics such as, but not limited to:

a. Contract and procurement fraud;

b. The roles of various contracting personnel and their corresponding authority;

c. Managing changes and understanding the procedures for modifying a contract;

d. Inspection, acceptance and final payment;

e. Subcontract management and flowdown provisions; and E-Verify clause in government contracts.

6. The defendant, TRIANGLE GRADING & PAVING, INC., agrees that pursuant to Title 18, United States Code, Section 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. The defendant agrees that if the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

7. It is further understood that the United States and the defendant, TRIANGLE GRADING & PAVING, INC., reserve the right to

8

bring to the Court's attention any facts deemed relevant for purposes of sentencing.

8.   The defendant, TRIANGLE GRADING & PAVING, INC., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $50 for each offense to which it is pleading guilty.   This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court.

9.   No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set forth in this Plea Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 28th day of MAY, 2014.

9

RIPLEY RAND
United States Attorney

CHRISTOPHER R. CLIFTON
Attorney for Defendant

H. DAVIS NORTH, III
Attorney for Defendant

STEPHEN T. INMAN
NCSB # 26913
Assistant United States Attorney

TRIANGLE GRADING & PAVING, INC.
Defendant

101 S. Edgeworth Street, 4th Floor
Greensboro, NC  27401
336/333-5351

10